```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )   Criminal Action
                                )   No. 2006-CR-00263
        vs.                     )
                                )
CHRISTOPHER GALLAGHER           )
                                )
        Defendant               )
```

CRIMINAL JURY TRIAL ATTACHMENT ORDER

NOW, this 13th day of June, 2006,

IT IS ORDERED that a jury trial of the within case shall commence before the undersigned on August 7, 2006, at 9:30 o'clock a.m., with the selection of a jury at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  After completion of the jury selection the trial shall continue in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.  This Order shall serve as a formal attachment for trial.

IT IS FURTHER ORDERED that on or before June 22, 2006 defendant shall serve and file any motions pursuant to Federal Rule of Criminal Procedure 12(b) in accordance with Rule 12.1 of the Local Rules of Criminal Procedure for the Eastern District of Pennsylvania.

All motions shall be filed with the Clerk of Court, served upon counsel for all parties, and a copy sent to the undersigned.  Each motion shall be accompanied by a memorandum of law containing a brief recitation of the applicable facts and a concise statement of the legal contentions, together with the legal authorities relied upon.

IT IS FURTHER ORDERED that within five days after receipt of a motion, any party desiring to oppose such motion shall file and serve on all parties, the Clerk of Court and the undersigned a legal memorandum in opposition to such motion pursuant to Local Rule 12.1.

IT IS FURTHER ORDERED that a hearing on all motions is scheduled before the undersigned on Thursday, July 27, 2006, at 10:00 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.

   IT IS FURTHER ORDERED that on or before July 28, 2006, counsel for the parties[1] shall file and submit proposed jury instructions to the undersigned and serve them on all counsel.

   All proposed jury instructions shall be numbered and shall contain citation(s) of legal authority for each point (one instruction per page).  If a model jury instruction is submitted, counsel shall cite the source of the model instruction and shall indicate whether the proposed jury instruction is modified or unchanged.  If counsel modifies a model jury instruction, additions shall be underlined and deletions shall be placed in brackets.  If a model jury instruction is unchanged, it shall be submitted by title and paragraph number reference, and shall not be retyped verbatim.

   IT IS FURTHER ORDERED that on or before August 3, 2006 each party shall file and submit to the undersigned and serve on all counsel any objections to the jury instructions proposed by all other parties.  All objections shall be in writing and shall set forth the objectionable proposed instruction in its entirety. The objection shall specifically set forth the objectionable material in the proposed instruction.  The objection shall contain citation(s) of legal authority explaining why the instruction is improper and a concise statement of argument concerning the instruction.  Where applicable, the objecting party shall submit a correct alternative instruction covering the subject or principle of law, with citation(s) of legal authority supporting the alternative instruction.

   IT IS FURTHER ORDERED that on or before July 28, 2006_ all counsel and unrepresented parties shall file and submit to the undersigned and serve on all counsel proposed jury selection voir dire questions.

   IT IS FURTHER ORDERED that on or before August 3, 2006_ each party shall file and submit to the undersigned and serve on all counsel any objections to the voir dire questions proposed by any other party.  All objections shall be in writing and shall set forth the objectionable voir dire question in its entirety. The objection shall specifically set forth the objectionable material in the proposed voir dire question.  The objection shall contain citation(s) of legal authority explaining why the proposed voir dire question is improper and a concise statement

---

[1] Whenever used in this Order, the terms "counsel" and "counsel for the parties" shall also refer to any unrepresented parties.

of argument concerning the objection.  Objections not made pursuant to this provision may be deemed waived.

        IT IS FURTHER ORDERED that at least ten business days before commencement of trial, each party shall submit to the court a written summary, not to exceed two pages in length, in plain language, of its contentions regarding the facts and that party's theories concerning the case.  Not later than five days prior to the beginning of voir dire, all other parties may submit in writing objections or alternatives to this summary.  The summary may be used by the court in jury voir dire and in its preliminary and final instructions to the jury to familiarize the jurors with the general framework of the factual and legal issues and contentions in the case.

        IT IS FURTHER ORDERED that counsel shall familiarize themselves with the Local Rules of Criminal Procedure of the United States District Court for the Eastern District of Pennsylvania.  Failure to comply with the within Order or the Local Rules may result in the imposition of sanctions.

        IT IS FURTHER ORDERED that continuances will be granted only in extraordinary circumstances.  Continuance requests shall be filed by one counsel of record for each represented party and by each unrepresented party.  Continuance requests shall be submitted at least ten days prior to the commencement of trial on a form approved by the undersigned.

        IT IS FURTHER ORDERED that if a defendant is currently incarcerated, the defendant or his counsel shall notify the undersigned in writing immediately so that the necessary procedures can be taken to have the defendant present in the courtroom for any proceedings.

                      BY THE COURT:


                        /s/ JAMES KNOLL GARDNER
                        James Knoll Gardner
                        United States District Judge